## Nicholson, et al. v. Ferdinand Bauer Engineering & Contracting Company.

(Decided June 15, 1915.)

### Appeal from Henderson Circuit Court.

Judgment—Finding of Chancellor—Evidence.—In an action to recover the balance due on a contract for the construction of a cooling tower and for the enforcement of a mechanic's lien thereon, defended on the ground that the tower did not come up to the requirements of the warranty contained in the con-

tract, evidence examined and held to support the finding of the chancellor in favor of plaintiff.

DORSEY & DORSEY for appellants.

YEAMAN & YEAMAN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is a suit by the Ferdinand Bauer Engineering & Contracting Company against Nancy Nicholson, J. L. Nicholson, and the Nicholson Mining and Manufacturing Company, to enforce a mechanic's lien for the balance due under a construction contract. Plaintiff was adjudged a lien for the sum of $585.40. Defendants appeal.

Defendants conduct an ice plant in conjunction with a coal mine which they own in the vicinity of Henderson. On July 18th, 1912, they made a contract with plaintiff to furnish them a cooling tower, to be used for the purpose of manufacturing ice. The purchase price of the plant was $2,100.00, of which sum $700.00 was payable in cash, $700.00 on completion of the contract and the balance on December 10th, 1912. The contract also provided that defendants should advance certain money required for freight, labor, etc., and that such disbursements should be credited on the second payment of $700.00.

The contract also contained the following provision:

"We will guarantee to cool the water during the hottest summer months from a temperature of 105 degrees Fahr., to from 75 to 80 degrees Fahr., depending upon the humidity of the atmosphere."

The defendants made the first payment and also advanced the money required for freight, labor, etc. Upon their refusal to pay the balance, this action was instituted, and they defended on the ground that the tower would not cool the water in accordance with the above warranty.

The evidence for plaintiff is to the effect that defendants never complained of any breach of warranty until suit was instituted, but refused merely because they had no money to meet the additional payment. After the institution of the suit, defendants made two payments of $250.00 each. Defendants claim that these payments were made on the condition that plaintiff would make the tower come up to the warranty, but this plaintiff denies.

Plaintiff further shows that Mr. Bauer and Mr. Metzner went to the plant on July 15th, 1913. At that time the outside temperature was 96°. The temperature from the pump was 93° and the water leaving the tower was 80°. Plaintiff's witnesses also say that a reduction of temperature depends altogether on the humidity. At certain stages of humidity it is impossible to reduce the temperature. Plaintiff further testifies that if the water was not properly cooled immediately after the plant was completed, it was due to the fact that the fan was not properly installed. On the other hand, J. L. Nicholson and one of his employes say that the temperature of the water was never reduced as low as 80°. They filed in the record a statement showing the outside temperature, the humidity and the temperature of the water as it came from the tank for a large number of days during the summer of 1913. According to this statement, the lowest temperature of the water from the tower on any occasion was 82°.

It is insisted that in view of the fact that Bauer only made one test, but Nicholson and his employe made a number of tests, covering the entire summer of 1913, and these tests showed that the tower did not come up to the warranty, the evidence greatly preponderates in favor of the defendants and shows very clearly that the judgment of the chancellor was erroneous. It is our rule, however, not to disturb the finding of the chancellor on a question of fact, where the mind is left in doubt, and we cannot say with reasonable certainty that he has erred in his conclusion. Here the chancellor had the right to take into consideration, not only the tests in question, but the circumstance that the defendants never complained of the fact that the tower would not cool the water properly, or refused payment on that ground, and the further circumstance that after suit was brought additional payments were made on the debt, even though defendants claim that the payments were made on condition that the plaintiff was to make the tower come up to the requirements of the warranty. Viewing the judgment in the light of these circumstances, we cannot say that the chancellor erred in his conclusions.

Judgment affirmed.